IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRY K. OFORI,<br>    Plaintiff,<br>v.<br><br>HAROLD CLARKE, *et al.*,<br>    Defendants. | Civil Case No. 7:20-cv-00343<br><br>By: Elizabeth K. Dillon<br>     United States District Judge |

**MEMORANDUM OPINION**

This case, filed by plaintiff Terry K. Ofori, a Virginia inmate proceeding *pro se*, was created after the court severed his claims from Case No. 7:18-cv-587 into separate lawsuits. This case involves constitutional challenges to defendants' policies regarding visitation (which limit contact and opportunities for photographs) and also several aspects of his facility's mail policies or practices. By memorandum opinion and order entered on September 24, 2021, the court granted defendants' motion to dismiss in its entirety. (Dkt. Nos. 34, 35.) It also denied Ofori's pending motion to amend his complaint as futile, explaining that even with his proposed amendments and additional allegations, he still failed to state a claim for which relief could be granted. The court will not restate all the reasons here for its dismissal, which are set forth at length in its prior memorandum opinion. (*See generally* Dkt. No. 34.)

Subsequent to the dismissal, Ofori filed four additional motions, three of which ask to amend his complaint, and one of which asks the court to reconsider its order of dismissal. Those motions are pending before the court and addressed herein.

I. MOTION TO RECONSIDER

Ofori's motion to reconsider is fairly brief. He explains that he had completed a motion to amend in this case, with a proposed amended complaint, at the end of September, but mail delays at his facility caused it not to be sent out until after the dismissal order was entered. He

asks that the court reconsider the order of dismissal because the motion to amend was filed before the order dismissing the case. (Dkt. No. 37.) Thus, the motion to reconsider is based solely on the fact that Ofori sought to amend his complaint again, allegedly before the court ruled on the motion to dismiss, although the motion was not received until afterward. The motion to reconsider, therefore, turns entirely on the motion to amend. As the Fourth Circuit has explained:

> [A] district court may not grant a post-judgment motion to amend the complaint unless the court first vacates its judgment pursuant to Fed. R. Civ. P. 59(e) or 60(b). To determine whether vacatur is warranted, however, the court need not concern itself with either of those rules' legal standards. The court need only ask whether the amendment should be granted, just as it would on a prejudgment motion to amend pursuant to Fed. R. Civ. P. 15(a).

*Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 470–71 (4th Cir. 2011) (citing *Laber v. Harvey*, 438 F.3d 404 (4th Cir. 2006)).

Because, as discussed next, the court concludes that Ofori's motions to amend should be denied, the motion to reconsider also will be denied.

## II.  MOTIONS TO AMEND

Ofori seems to be under the impression that he may submit an unlimited number of amended complaints, at his leisure and on his own timetable. But that is not what the federal rules contemplate. *See* Fed. R. Civ. P. 15(a). In addition to the fact that Ofori's original complaint in this case was actually an amended complaint in the case from which this case was severed, Ofori moved to amend once before service. That motion was granted, and the amendment effectively dismissed a portion of one of his claims. Then, after service and months after defendants filed their motion to dismiss, Ofori sought leave to amend his complaint again. The court considered that motion in conjunction with ruling on the motion to dismiss but denied

2

it because amendment would have been futile. (Dkt. No. 34 at 1–2.) In particular, the court considered the allegations in the proposed amended complaint but found that, even with those allegations, Ofori's claims were subject to dismissal for failure to state a claim.

As to Ofori's next motion to amend, received by the Clerk on October 1, 2021, Ofori insists that he filed this motion to amend before the order of dismissal. In his motion to reconsider, he alleges that he gave it to prison officials for mailing on September 24, 2021. Crediting his assertion, it is still unclear which occurred first, because the court's dismissal order also was entered on September 24, 2021. Which document was filed first, therefore, depends on the specific time each was filed.

Regardless, the court was not obligated to grant yet another motion to amend, whether it was technically filed before or after the court granted the motion to dismiss. And Ofori has since submitted two different versions of his amended complaint, neither of which was filed before the order of dismissal.

Ofori's most recent motion states that it is the one he wants the court to consider as his proposed amended complaint. (Dkt. No. 40 at 1.) Accordingly, the court understands Ofori seeks to withdraw his first two post-dismissal motions to amend (Dkt. Nos. 37, 38). The court will allow that withdrawal, and those two motions will be dismissed without prejudice. The court instead addresses Ofori's most recent motion to amend, received by the Clerk on May 31, 2022. (Dkt. No. 40.)

The court concludes that Ofori's latest motion to amend, with its proposed amended complaint, must be denied, in part because allowing amendment at this point would be prejudicial to defendants and because the motion was brought in bad faith. *See Laber*, 438 F.3d at 427 ("[A] post-judgment motion to amend is evaluated under the same legal standard as a

similar motion filed before judgment was entered—for prejudice, bad faith, or futility."). In particular, the court concludes that both Ofori's September 2021 amended complaint and his latest amended complaint were "brought solely to circumvent [defendants'] motion to dismiss." *Googerdy v. N.C. Agric. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005) (denying motion to amend where proposed amendment was brought "solely to circumvent" a motion to dismiss and collecting authority for the proposition that "courts look disfavorably on motions to amend brought for the purpose of circumventing dispositive motions"). Moreover, allowing Ofori's latest proposed complaint—which was received months after he received the dismissal order and had the benefit of its analysis—would be particularly prejudicial. *Cf. Cash v. Less-McRae College, Inc.*, No. 1:18-CV-00052, 2019 WL 276842, at *3 (W.D.N.C. Jan. 22, 2019), *aff'd*, 811 F. App'x 190 (4th Cir. 2020) (denying leave to amend for undue prejudice because "allow[ing] the Plaintiffs to amend their Complaint at this stage of the proceedings . . . would not only prejudice the Defendants, who have expended the time and expense of fully briefing a motion to dismiss, but would also encourage dilatory practices on the part of plaintiffs in delaying motions for leave to amend until after they have the benefit of a Magistrate Judge's opinion").

Furthermore, Ofori has not provided any explanation as to why he did not include the additional facts from his latest proposed complaint: (1) with his original complaint (filed in Case No. 18-cv-587); (2) with his amended complaint (Dkt. No. 1) (which is the first complaint in this case); (3) when he first requested leave to amend in August 2020 (Dkt. No. 6); or (4) with the motion to amend (Dkt. No. 24), filed in June 2021, which the court fully considered in conjunction with defendants' motion to dismiss. It appears that the additional allegations—or at least the vast majority of them—were known to plaintiff at the time he filed one or more of these

4

other complaints or motions to amend. This, too, suggests that the proposed amendment is in bad faith.

      For all of the above reasons, Ofori's latest motion to amend (Dkt. No. 40) will be denied.

      An appropriate order will be entered.

      Entered: July 22, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge